## Philip Clark, plaintiff in error *v.* Bayless Lake, defendant in error.

### *Error to Sangamon.*

In an action by C. against L., for erecting a dam across a navigable stream, which obstructed its navigation, and by means of which C.'s boat and boat load of corn were lost, the defendant asked a witness "Whether there was not another mill-dam across said river below the defendant's mill-dam, erected in violation of law, which was higher than the defendant's mill-dam; and whether said lower dam would not have prevented plaintiff from proceeding to the lower markets of Natchez or New Orleans, as it was late in the season, and no other tide might take place in the river during that season, even if the plaintiff could have gone over the defendant's mill-dam:" *Held* that the question was illegal and improper.

The law is well settled, that every person who erects an obstruction across a public highway, is liable for all the injuries that result from it. It is consequently no excuse that another obstruction would have produced the same effect.

The rule relative to receiving or rejecting testimony, is: Does the proposed testimony tend to prove the issue joined between the parties? If the testimony offered does not tend to prove the issue, or is calculated to lead the jury estray, it ought to be rejected.

This cause was tried at the July term, 1835, of the Sangamon Circuit Court, before the Hon. Richard M. Young and a jury, and a verdict and judgment rendered for the defendant.

C. Walker, for the plaintiff in error.

T

J. T. Stuart and M. McConnell, for the defendant in error.

Lockwood, Justice, delivered the opinion of the Court:

This was an action of *trespass on the case,* brought by Clark against Lake, in the Sangamon Circuit Court. The plaintiff declared against the defendant for erecting a dam across the Sangamon river,—which stream had been declared a public highway by a statute of this State,—whereby the plaintiff had been obstructed in the navigation thereof, while proceeding down the river with a boat load of corn, and thereby lost his said boat and contents. The defendant pleaded not guilty. On the trial of the cause, the plaintiff gave evidence conducing to prove that he descended said river with a boat load of corn, with a sufficient tide of water to descend the river, if it had not been obstructed by artificial obstacles, and intending to go to Natchez or New Orleans. That when the boat arrived within three-fourths of a mile of the defendant's mill-dam, he stopped his boat. That in consequence of the said dam's impeding the navigation of the said river, the boat could not proceed on the trip, and, in consequence of being so stopped, the corn was lost. That the corn was worth twelve-and-a-half cents per bushel where it was stopped on the river, and worth seventy-five cents at the lower markets. After the foregoing evidence was given, the defendant asked a witness, "Whether there was not another mill-dam across said river, below the defendant's mill-dam, erected in violation of said law, which was higher than the defendant's mill-dam; and whether said lower dam would not have prevented plaintiff from proceeding to the lower markets of Natchez or New Orleans, as it was late in the season, and no other tide might take place in the river during that season, even if the plaintiff could have gone over the defendant's mill dam,"—to which the plaintiff's counsel objected; but the Court overruled the objection, and permitted the question to be asked, and the defendant to prove that fact to the jury by said witness. To which opinion and judgment of the Court, the plaintiff by his counsel excepted.

The only question presented in this case, is, whether the Circuit Court erred in permitting this testimony to be given to the jury.

It appears from the record that the verdict was for the defendant, which probably shows the effect that this testimony was designed to have. This Court cannot conceive what other use could have been made of this testimony unless it was to urge to the jury, that if the plaintiff could have passed the defendant's dam, he would not have been benefitted by it, as he inevitably would have been stopped by the dam lower down the river. This mode

of reasoning, if adopted, was not more unsound in morals than in law. The law is well settled, that every person who erects an obstruction across a public highway, is liable for all the injuries that result from it. It is consequently no excuse that another obstruction would have produced the same effect; for the obvious reason, that the party injured by the first obstruction, has no cause of action against the person who erected the second. In the present case, the second mill-dam had not delayed the plaintiff; and of course he could not have sued the person who erected it. If the plaintiff sought to recover damages for a greater amount than the value of the corn and boat, where the injury occurred, by showing how much profits he had lost by the obstruction occasioned by defendant's mill-dam, it doubtless would have been proper for the defendant to show, in mitigation of damages, that such profits could never have been realized, in consequence of the impossibility of the boat's making the lower markets, occasioned by obstructions in the river below defendant's mill-dam. It is manifest, however, that the evidence was not offered in mitigation of damages, because no such limitation was proposed by the defendant, nor required by the Circuit Court. The true rule relative to receiving or rejecting testimony, is,—Does the proposed testimony tend to prove the issue joined between the parties? If the testimony offered does not tend to prove the issue, or is calculated to lead the jury estray, it ought to be rejected. This Court believing that such may have been the effect of the question asked by the defendant, are of opinion that the Circuit Court erred in not rejecting it.

The judgment is therefore reversed with costs, and the cause remanded, with directions to the Circuit Court of Sangamon county to award a *venire de novo.*

*Judgment reversed.*